# The People of the State of Illinois, use, etc.,
## v.
## Amos Atkins et al.

1.  Statement.—A testator by his will directed his executor to sell his personal property, and invest the proceeds until the death of his widow, when the amount should be divided among the testator's heirs. During the lifetime of the widow the executor loaned to some of the heirs a sum equal to their distributive share, taking their notes therefor. To others he paid a fixed sum, taking their release. He was subsequently removed from office, and an administrator *de bonis non* appointed, who brought suit against the executor and his sureties to recover the amounts so loaned, the makers of the notes being insolvent.

2.  Payment of legacy as a loan or advance.—As to those devisees who have released their claims to a legacy, there could be no recovery against the executor. As to the heirs of certain deceased legatees, it was immaterial whether their ancestors received the money as a loan or as an advance; having had the benefit of it, it would be inequitable to ask the executor to pay the same a second time.

3.  Executor—Extent of liability.—The executor was liable to account only for such sum as had not been loaned or advanced to the respective legatees.

Error to the Circuit Court of Madison county; the Hon. W. H. Snyder, Judge, presiding. Opinion filed August 13, 1880.

Mr. H. S. Pettingill and Mr. B. R. Burroughs, for plaintiff in error; that a direction in a will that the shares shall be kept increasing until the legatees become of age, constitutes the person named for that duty only an executor, cited 3 Redfield on Wills, 77; Nunn v. Owen, 2 Strobh, 101; Smith v. Kennard, 36 Ala. 695.

An executor is chargeable as such for property in his hands until he has given bonds as trustee: 3 Williams on Executors, 1796; Prior v. Talbot, 10 Cush. 1; Denney v. Adams, 37 Me. 269.

An executor who is also trustee under a will, holds in the former capacity until he has settled his executor's account with

the court, and charged himself as trustee: Hall v. Cushing, 9 Pick. 395.

A bond given as executor will stand as security for the performance of his duties, although such duties may be more extensive and different from those of an ordinary executor: 2 Williams on Executors, 399; Sanderson v. Stearns, 6 Mass. 37; Prescott v. Pitts, 9 Mass. 346; Street's Estate, 52 Pa. St. 257; Lansing v. Lansing, 45 Barb. 182.

A provision in a will postponing payment of a legacy until the legatee arrives at age, is legal: 2 Redfield on Wills, 252; High v. Worley, 32 Seat. 709; Blackburn v. Hawkins, 6 Ark. 241.

On the death of a legatee before distribution the devise passes to his next of kin: Reading v. Blocknell, Baldwin, 166; Sharp v. Sharp, 35 Ala. 594; Dale v. White, 33 Conn. 294; Roberts v. Brucker, 4 Dana 570; Rhoads v. Rhoads, 43 Ill. 239.

Where a trust is annexed to the office of executor, it must, in case of his death, be exercised by the administrator *de bonis non:* 1 Williams on Executors, 2 Pa. St. 258; Knight v. Loomis, 80 Me. 209; Buttrick v. King, 7 Met. 20; *In re* Van Wyck, 1 Barb. Ch. 565; Jones v. Jones, 2 Dev. Eq. 387.

An administrator *de bonis non* may sue on the bond of a former executor and recover the amount in his hands admitted to be due: 1 Williams on Executors, 539; Little v. Walton, 23 Pa. St. 164; Miller v. Alexander, 1 Hill Ch. 25; Franklin Co. v. McIlvain, 5 Ohio, 200; Wickham v. Page, 49 Mo. 526.

Generally as to the power of an administrator *de bonis non:* 2 Williams on Executors, 961; People v. Miller, 1 Scam. 83; Marsh v. The People, 15 Ill. 284; Duffin v. Abbott, 48 Ill. 17.

The powers of a probate court extend to everything pertaining to the settlement of estates, and its decrees cannot be impeached collaterally: 3 Redfield on Wills, 56; Dorr v. Wainwright, 13 Pick. 328; Town v. Amidon, 20 Pick. 450; Wright v. Wallbaum, 39 Ill. 355; Duffin v. Abbott, 48 Ill. 17; Housh v. The People, 66 Ill. 178.

The order of a probate court upon an administrator to pay over money to a distributee, is conclusive upon the surety: Brandt on Suretyship, 496; Ralston v. Wood, 15 Ill. 159.

The decrees of the county court are conclusive as to all questions raised in this case: Hanna v. Yocum, 17 Ill. 387; Propst v. Meadows, 13 Ill. 167; Stone v. Wood, 16 Ill. 177; Ralston v. Wood, 15 Ill. 159.

If an administrator be not appointed the heirs would be entitled to receive the fund directly from the executor: Heward v. Slagle, 52 Ill. 336.

After a term has expired a court has no authority to set aside a judgment, but may amend in mere matter of form: Cook v. Wood, 24 Ill. 295; Smith v. Wilson, 26 Ill. 186; Mc-Kindley v. Buck, 43 Ill. 488; State Sav. Inst. v. Nelson, 49 Ill. 171; Knox v. Winsted Bank, 57 Ill. 330; Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Coursen v. Hixon, 78 Ill. 339.

Mr. David Gillespie and Messrs. Irwin & Springer, for defendants in error; that the intention of the testator is the prevailing consideration in the construction of wills, cited 1 Redfield on Wills, 450; 2 Lomax on Executors, 8.

The meaning that the parties attached to a written instrument may be shown by their acts: Leavers v. Cleary, 75 Ill. 349.

Where a married woman receives a distributive share in an estate, it becomes the estate of the husband as much as any other funds he may hold: Chase v. Palmer, 25 Me. —.

It is the right and duty of an executor to set off a debt due the estate from a legatee against any legacy which he may be called to pay: 2 Redfield on Wills, 581.

In the case of an express trust the Statute of Limitations is no bar: Perry on Trusts, § 863.

Between parties it is not true that amendments cannot be made after final decree: Church v. English, 81 Ill. 442; People v. Quick, 92 Ill. 580.

The liability of sureties on an executor's bond, does not extend beyond performance of the ordinary duties of the office; Jennings v. Davis, 127; State v. Hearst, 12 Miss. 365.

Where the duties are statutory in their character, and the trust is created by the statute, and the same statute furnishes

security for the performance of the duty, and a suit at law is the proper manner of enforcing the right, the Statute of Limitations applies: Havendon v. Lord Annesley, 2 Schoales & L. 607; Kane v. Bloodgood, 7 Johns, Ch. 127; Scheel v. Eidman, 77 Ill. 301.

CASEY, J. This was an action of debt, brought by the plaintiffs in error against the defendants in error, because of a failure on the part of Amos Atkins to comply with the conditions of his bond as executor of the last will and testament of John Atkins, deceased. The case was heard in the circuit court upon an agreed state of facts, substantially as follows: John Atkins died testate in Madison county, Illinois, in the year 1857. One provision of his will is as follows: " And as to the residue of my personal property, I direct my executor to make public sale thereof, in such manner as is now provided by law, and the money arising therefrom, as also what money may be on hand at the time of my decease, to be loaned out by my executor in such manner and in such sums as my executor thinks most advantageous to the interest of my estate until the death of my wife, after which I direct the same, and the interest that may accrue thereon, to be equally divided to and amongst my following named children, to wit: My son, Amos, one equal part; my daughter, Sarah Elizabeth, wife of Milton Drummond, one equal part; and to my daughter, Elvira Ellen, wife of Wm. Marcum, one equal part; and to my daughter, Rosannah, wife of Julius C. Gibson, one equal part; to be apportioned to and paid to them, respectively, as soon as the same can be collected, after the death of my wife, as before stated."

Amos Atkins was nominated in said will as executor, and on the probate thereof qualified as such executor with his co-defendants as sureties on his bond.

That on the 27th day of February A. D. 1859, there was in the hands of the executor, by virtue of said will and after the debts of the estate were paid, the sum of $2761.88. That on the first day of March, A. D. 1857, the said executor loaned or advanced to Rosannah Gibson, one of the devisees named in the will, of the said residuary fund the sum of $455, and se-

cured therefor the note of the said Rosannah and her husband, Julius C. Gibson, for the sum of $455. That on the twenty-first day of January A. D. 1861, the said executor loaned or advanced to Elvira Ellen Marcum, another one of the devisees named in said will, the sum of $502 out of the said residuary fund, and secured therefor the note of the said Elvira Ellen Marcum and William Marcum, her husband. Each of said notes were made payable to the executor in his official character. That prior to the proceedings against the defendant in error, Amos Atkins, in the county court, he as such executor, paid to Sarah E. Drummond, another one of the devisees named in the will, the full amount of her share in said residuary fund and secured her receipt therefor. That the defendant in error, Amos Atkins, also a devisee named in said will, on the 24th of November, A. D. 1879, filed his written release or receipt for all claims or demands he had against the estate of the said John Atkins, by reason of any provision in said will.

It was further agreed that the widow of the said John Atkins is still living; that the said Elvira Ellen Marcum died July 10, 1870, leaving her husband and Maria A., Mary A., Sarah E., John A., William F. and James F. Marcum, her children, her surviving. That Rosannah Gibson died the 8th of November, A. D. 1878, leaving her husband and Sarah J., Julia M. and Elenora Gibson, her children, her surviving. That the said Julius C. Gibson and William Marcum, whose names were signed to the said notes, are now and were at the time of signing the same, insolvent, and that there has been no administration upon the estates of the deceased devisees. That the said notes and interest thereon are wholly unpaid; and that the said Amos Atkins brings said notes, the receipt of Sarah E. Drummond and his own release into court.

That the County Court of Madison county, at the July term thereof, A. D. 1879, revoked the letters testamentary issued to the said Amos Atkins, because of a failure on his part to give an additional bond as such executor as required by an order of said county court before that time entered of record. That Frank W. Burnett was appointed and qualified as administrator *de bonis non cum testamento annexo* of the estate of the

said John Atkins, deceased; and the said Amos Atkins was required within twenty days of that time to pay to the said administrator *de bonis non* the sum of $8,491.79, with interest from the 27th day of February, A. D. 1879, at the rate of six per cent. per annum.  That at the September term of said county court, A. D. 1879, all parties in interest being present, the order to pay money to the administrator *de bonis non*, was changed and modified so as to read as follows: " And it is further ordered by the court that Amos Atkins transfer and deliver over to the said Frank W. Burnett all such moneys, goods, chattels, debts and credits as have come to his possession as such executor, excepting six per cent. on the increase of said estate since the 27th of February, A. D. 1879, which is hereby allowed him as commissions."

All questions of pleading were waived, and upon this state of facts the cause was submitted to the court, and judgment entered in favor of the defendants in error.  As has been seen, the will provided that the executor should loan the money on hand in such sums as the executor thought most advantageous to the interest of the estate until the death of the testator's wife, after which the money and accumulated interest was to be equally divided, etc.

By this provision in the will the interests of the devisees vested immediately, to be paid upon the death of the wife of the testator.  They each held such an interest in the residuary fund as might be transferred, and upon the death of either one of them the share of such deceased one would go to his or her heirs.  Roberts, executor, v. Brinker, 4 Dana, 571.  Hence, Sarah E. Drummond, one of the devisees, might, if she saw proper, transfer or receipt for her entire interest in the residuary fund.  And the defendant, Amos Atkins, also a devisee, might release his interest therein.  The agreement shows that in March, 1857, Rosannah Gibson received from the executor out of the residuary fund the sum of $455.  And that on the 21st day of January, 1861, Elvira Ellen Marcum received from the executor, out of the same fund, $502.  The heirs of these two devisees are alone interested in the result of this suit.  And it is insisted by counsel that inasmuch as the ex-

ecutor was directed by the will to loan the money until the death of the testator's wife, and then pay the legacies, that he should now account for the full amount of said residuary fund.

There is no question but that the testator had the power to provide in his will that the legacies should be paid upon the death of his wife. It is competent for a testator to fix the time for the enjoyment of his bequest, and the devisees cannot claim to take the estate except in the manner and mode provided in the will. Rhoads v. Rhoads et al. 43 Ill. 239. We do not hold that there is any repugnancy in the will. If this was a suit to compel the executor to pay the legacies prior to the time named in the will, a very different question would be presented. The executor held the money in trust for the benefit of the devisees. These two devisees, Marcum and Gibson, *cestuis que trust*, united with the executor in a disposition of so much of the trust fund.

It is immaterial whether the money was received as a loan or as an advance. They did receive the money, and could not, if living, ask that it be paid again, and their heirs are estopped from claiming a re-payment of said sums by the action of their immediate ancestors, the devisees named in the will, who, there is scarcely any doubt, the testator presumed would enjoy the legacies provided for them. The real parties in interest in this suit occupy the same position as the devisees would if living. It would be strange if the devisees could, after receiving and having the use of so much of the residuary fund for twenty years, admitting the fact and that they were the only parties in interest, claim that it was paid to them before the time provided for by the terms of the will, and therefore they are entitled to the same sums again, together with the accumulated interest. It would be unjust and inequitable, and allowing them to take advantage of their own wrong, because if the payment or advance by the executor was a wrong they participated in it, and are estopped from taking any advantage of the error. Still it is admitted that the residuary fund on the 27th day of February, 1859, amounted to $2761.88, the interest of each one of the devisees therein being $690.47. It will be seen that neither Rosannah Gibson nor Elvira Ellen Marcum received

from the executor the full amount of their interest in said fund. And for the remainder with legal interest, after deducting such commissions and charges as by law are allowed to the executor, the plaintiffs are entitled to a judgment. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

BAKER, J. I concur in the reversal of this judgment, but do not concur in the reasoning of the majority of the court, or in the conclusion reached by them as to the measure of plaintiff's recovery. I am of opinion Burnett, who has succeeded Atkins in the administration of this trust fund, and is its legal custodian, has a right to recover in this action at law, the whole of the trust fund, his proper costs and charges. The time fixed by the testator for the distribution of the fund has not yet arrived. I do not think that should be allowed to be done indirectly that cannot lawfully be done directly.